**NOT FOR PUBLICATION**　　　　　　　　　　　　　　　　　　CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NAPOLEON BONAPARTE AUGUSTE,　　:
　　　　　　　　　　　　　　　　　　Civil Action No. 06-2066 (JAP)
　　　　　　Petitioner,　　:

　　　　　v.　　　　　　　:　　**OPINION**

MICHAEL CHERTOFF, et al.,　　:

　　　　　　Respondents.　　:


**APPEARANCES:**

Napoleon Bonaparte Auguste, <u>Pro</u> <u>Se</u>
#183527/ A# 41580903
Hudson County Jail (A 3 W)
35 Hackensack Avenue
Kearny, NJ 07032

Colette R. Buchanan
Assistant U.S. Attorney
970 Broad Street, Room 700
Newark, NJ 07102
Attorney for Respondents

**PISANO,** District Judge

　　Petitioner Napoleon Bonaparte Auguste, an alien confined at Hudson County Jail while awaiting removal, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are the Secretary of Homeland Security

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a

Michael Chertoff, Director Frank Lott, Warden Oscar Aviles, and Attorney General of the United States Alberto Gonazalez. Respondents filed an Answer to the Petition, and relevant supporting documents on September 20, 2006.

## **BACKGROUND**

Petitioner is a citizen of Haiti. Petitioner was taken into custody in July of 2003, and was ordered removed on November 12, 2003. After various appeals and prior habeas corpus petitions, Petitioner filed this habeas petition on May 5, 2006, seeking release from detention. He alleges that his indefinite detention in lieu of removal violates his constitutional and statutory rights.

Respondents provide evidence that travel documents have been requested from Haiti for Petitioner's removal. Respondents have submitted a letter to the American Embassy in Haiti from the Bureau of Customs Enforcement, dated June 6, 2006, which formally requests Petitioner's travel documents. (Declaration of Colette R. Buchanan, Exhibit E). Further, Respondents have submitted a Declaration from Petitioner's Deportation Officer, wherein she states that Petitioner was interviewed by the Haitian government in July of 2006, and was accepted for repatriation. (Declaration of Ashley Ivery, ¶ 4). The Deportation Officer has declared that

---

> prisoner unless-- . . . (3) He is in custody in
> violation of the Constitution or laws or treaties of
> the United States . . . .

Petitioner will be removed in the reasonably foreseeable future, and that there are no barriers that prevent his removal to Haiti. (Declaration of Ashley Ivery, ¶¶ 4, 5). Respondents state that they have been advised by the BICE that Petitioner "should be removed" in mid-October, 2006, although Respondents have not provided this Court with an update as to the current status of Petitioner's removal.

## DISCUSSION

**A.   Standard of Review**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Title 28 of the United States Code, section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions

must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   The Petition Will Be Denied, Without Prejudice**

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  See Zadvydas v.

Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing.  See, e.g., Xi v. U.S. I.N.S., 298 F.3d 832, 839-40 (9th Cir. 2002); Barenboy v. United States, 160 Fed. Appx. 258, 261 (3d Cir. 2005)(unpubl.)(passage of six-month presumptively reasonable period of detention does not entitle Petitioner to automatic release; alien may be held until it is determined that there is no significant likelihood of removal in the reasonably foreseeable future); Joseph v. United States, 127 Fed. Appx. 79, 81 (3d Cir. 2005)(unpubl.)(alien failed to demonstrate that removal was unlikely in reasonably foreseeable future as travel documents were requested, and native country had provided travel documents in the past and had expressed a willingness to issue travel documents in Petitioner's case).

In this case, the record before the Court demonstrates that Petitioner is likely to be removed in the foreseeable future, if he has not yet been removed.  Therefore, Petitioner's claim challenging his detention will be denied.

**CONCLUSION**

For the reasons set forth above, the Petition will be denied, without prejudice.  An appropriate order follows.


/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: November 13, 2006